# United States Court of Appeals
## For the First Circuit

NO. 21-1770

YAROSLAV KYRPYCH,

*Plaintiff-Appellant,*

*v.*

KRISTEN DENISE KELLY, individually and in the official capacity as ADA Norfolk County District Attorney; KATELYN MARIE JAY, individually and in the official capacity as ADA Norfolk County District Attorney; ELISE MARIAN BARRY, individually and in the official capacity as Employee of Department of Children and Families; SHANNON MCANULTY, individually and in the official capacity as Employee of Department of Children and Families; SANDRA E. FONTECCHIO, individually and in the official capacity as Employee of Department of Children and Families; CHERYL BANKS, individually and in the official capacity as Employee of Department of Children and Families; LAURA A. RAFAEL, individually and in the official capacity as Employee of Department of Children and Families; MICHELLE F. FRAZER, individually and in the official capacity as Employee of Department of Children and Families; PHILIP J. CLOSSEY, individually and in the official capacity as Employee of Department of Children and Families; KATHERYN L. BUTTERFIELD, individually and in the official capacity as Area Program Manager of Department of Children and Families; ALISON C. COLEMAN-HARDY, in the official capacity as Area Program Manager of Department of Children and Families; DEPARTMENT OF CHILDREN AND FAMILIES; RACHAEL A. SULLIVAN, individually and in the official capacity as Employee of Bay State Community Services; STEVEN F. RUSCIO, Supervisor; AZELENE D. EDOUARZIN; NORFOLK COUNTY DISTRICT ATTORNEY'S OFFICE; LEE MUMFORD PETERSON, Judge Norfolk County Probate and Family Court; RYAN FAENZA CAREY; CAROLYN P. GANNON; MEGHAN HONIGMAN, Guardian ad Litem; BRIAN P. DIV ASTA; CHRISTINE MCMAHON CULLINAN, Assistant District Attorney; BAY STATE COMMUNITY SERVICES; DANIELLE E. CZEKANSKI; KARA CLIFFORD CAREY; ANNE S. YAS

*Defendant-Appellees*.

**DEFENDANT-APPELLEES' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY DISPOSITION**

## PRELIMINARY STATEMENT

Twenty-one Defendant-Appellees[1] file this memorandum in support of their Motion for Summary Disposition under First Circuit Local Rule 27.0(c). In the Motion, Appellees ask this Court to summarily dismiss plaintiff-appellant Yarolslav Kyrpych's appeal or to summarily affirm the order of the District Court (Saylor, U.S.D.J.), filed on June 29, 2026, which dismissed Kyrpych's complaint for want of subject matter jurisdiction. Because Kyrpych seeks federal-court review of an adverse state-court decision, the *Rooker-Feldman* doctrine bars his claims, and the District Court correctly ruled that it lacked jurisdiction to entertain those claims.

## BACKGROUND

The relevant factual background is drawn from the underlying District Court Memorandum and Order. We refer this Court to the Norfolk Probate and Family Court docket sheet in *Carolyn Kyrpych v. Yarolslav Kyrpych*,[2] as well as to the underlying Memorandum and Order.[3]

---

[1] All Defendants except the Honorable Judge Lee Mumford Peterson, who does not join this motion.

[2] A copy of the Superior Court docket sheet in *Kyrpych v. Kyrpych* is attached to this memorandum as Exhibit A. The docket sheet in that matter was properly before the District Court (see Docket No. 1 at 1-5 in 1:25-cv-12291-FDS) and may be considered by this Court. See *United States v. Fernandez*, 722 F.3d 1, 6 n. 1 (1st Cir. 2013) (documents, the accuracy of which cannot reasonably be questioned, are subject to judicial notice); *Gonzalez v. United States*, 284 F.3d 281, 288 (1st Cir. 2002) (documents outside the pleadings may be considered in resolving motion to dismiss for lack of subject-matter jurisdiction under *Fed. R. Civ. P.* 12(b)(1)).

[3] A copy of the District Court Memorandum and Order dismissing plaintiff's complaint is attached to this memorandum as Exhibit B.

In the District Court, Yaroslav Kyrpych proceeded as a *pro se* plaintiff challenging, in substance, various orders and proceedings in a child-custody dispute in the Massachusetts Probate and Family Court. He asserted jurisdiction in the District Court under 28 U.S.C. § 1331 in an effort to redress claimed violations of his Fourteenth Amendment rights. In total, he filed suit against 22 defendants, which moved to dismiss for lack of subject-matter jurisdiction under 18 U.S.C. § 1331, the *Rooker-Feldman* doctrine, *Younger abstention*, and the domestic-relations exception; that the claims are barred by the litigation privilege; sovereign immunity, absolute and qualified immunity; and that the complaint fails to state a claim upon which relief can be granted. (Ex. B at 1-2.)

Mr. Kyrpych commenced suit in the District Court after a Massachusetts Probate and Family Court judge awarded to his former wife custody of their children.[4] In his first amended complaint in the District Court, Mr. Kyrpych alleged that RFC and Carey, as his former wife's lawyers, and various other parties violated his Fourteenth Amendment rights and various federal and state laws by suborning, creating, or knowingly relying on false evidence at the custody trial as well as

[4] Plaintiff's appeal of that decision to the Massachusetts Appeals Court is under advisement. *See* 2025-P-0472. Although the case is impounded, Plaintiff submitted a copy of the Brief of Appellee and other impounded materials evidencing the fact of an appeal in service of his attempt to sue the lawyer representing his former wife for that lawyer's appellate arguments. *See* Docket no. 165.

concealing exculpatory evidence, all in order to unlawfully deprive him of his parental rights. (Ex. B at 4-5.)

The District Court found that Mr. Kyrpych's "only real injury . . . is ultimately . . . caused by [the] state court judgment" (Ex. B at 8; citation omitted), and hence, it lacked jurisdiction:

> [T]his federal suit seeks review and rejection of the state-court judgment terminating his custodial rights. The Court is without the power to do so and therefore will dismiss all of plaintiff's claims. Furthermore, the proposed amendments to the complaint would be futile, as they suffer from the same essential flaw. Because the *Rooker-Feldman* doctrine bars plaintiff's suit in its entirety, the Court does not reach defendants' alternative arguments for dismissal.

(Ex. B at 9.)

Mr. Kyrpych appealed and this motion follows.

## ARGUMENT

Under First Circuit Local Rule 27.0(c), this Court may, "on motion of appellee or *sua sponte*," summarily dismiss an appeal or affirm a district court judgment or order "if the court lacks jurisdiction, or if it shall clearly appear that no substantial question is presented." That rule applies here. Mr. Kyrpych's appeal seeks review and reversal of a case dismissed by the District Court, which determined that he presented only state court issues that belonged in the Massachusetts courts. Because Kyrpych's arguments are waived and the District Court lacked jurisdiction to



105332137.v1

entertain an appeal from a decision rendered by the Massachusetts courts, this Court should summarily affirm the District Court's order.

## I. Kyrpych Waived His Arguments by Failing to Timely Present Them to the District Court in Accordance with Applicable Rules

Kyrpych's failure to meaningfully present the novel *Rooker-Feldman* arguments advanced in his appellate brief to the District Court in response to the defendants' motions to dismiss is dispositive of his appeal. *See Neufville v. Coyne-Fague*, 2021WL3730224 (1st Cir. 2021) (citing *Pomerleau v. W. Springfield Pub. Sch.*, 362 F.3d 143, 147 (1st Cir. 2004)); *Kane v. Bank of Am., N.A.*, 338 F. Supp. 3d 866, 873 (N.D. Ill. 2018) ("[A] party generally forfeits an argument or issue not raised in response to a motion to dismiss.").[5] For instance, the seventeen Commonwealth defendants filed a motion to dismiss on November 10, 2025 in which they asserted dismissal to be appropriate because the case is barred by, *inter alia*, the *Rooker-Feldman* doctrine. *See* Docket No. 75. Under Local Rule 7.1(b)(2), Kyrpych had until November 24, 2025 to oppose that motion, yet the docket shows he never filed a document denoted an opposition to that (or any) motion to dismiss. The next document Kyrpych filed, on December 2, 2025, captioned a "Memorandum of Law," took a drastically different view of the case

[5] *See also Zagorsky-Beaudoin v. Rhino Ent. Co.*, No. CV-18-03031-PHX-JAT, 2019 WL 5960084, at *5 (D. Ariz. Nov. 12, 2019); *In re Point Ctr. Fin., Inc.*, No. SACV 16-1336 DSF, 2016 WL 11723668, at *2, n. 1 (C.D. Cal. Aug. 30, 2016).

than Kyrpych now advances. *See* Docket number 81 at 2. Although Plaintiff argues on appeal that his claims derive from separate harms than the state court judgment, *see e.g.* B.B. 20-28, his Memorandum of Law formally and explicitly asked the District Court to invalidate the state court judgment as an "extrinsic fraud," contending that "a federal court can use its equity powers to nullify a state court judgment obtained by fraud." Docket number 81 at 3; *accord* B.B. at 18 (acknowledging that Kyrpych sought to overturn the state court judgment but that on appeal "Plaintiff now understands" this was not legally permissible).[6] Kyrpych made many other arguments throughout thousands of pages of filings in this case, yet that does not excuse his refusal to make the same arguments he now asserts on appeal in opposition to the motions to dismiss within 14 days as required, *see* L.R. 7.1(b)(2), and the District Court should not be faulted for failing to develop arguments scattered throughout dozens of lengthy filings. Moreover, allowing Kyrpych to reinvent his theory on appeal would also be unfair the parties, who evaluated form over substance and responded to the operative complaint's[7]

[6] Moreover, Plaintiff's opposition hardly contended with the other doctrines asserted by the numerous motions to dismiss, each of which supplies a valid basis upon which to affirm the judgment below. *See generally* Docket number 81; *see also Dutra v. Trs. of Bos. Univ.*, 96 F.4th 15, 17 n. 1 (1st Cir. 2024) *Int'l Ass'n of Machinists & Aerospace Workers, AFL-CIO v. Winship Green Nursing Ctr.*, 103 F.3d 196, 200 (1st Cir. 1996).

[7] Kyrpych's Brief relies *passim* upon allegations from a complaint which was not properly before the District Court. *E.g.*, B.B. at 12 (listing Docket number 135 as a source for allegations, although that docket number was never an operative complaint).

singular focus on overturning, relitigating, and interfering with an adverse state court judgment. *E.g.*, *McPhail v. Municipality of Culebra*, 598 F.2d 603, 607 (1st Cir. 1979) ("A party may not 'sandbag' his case by presenting one theory to the trial court and then arguing for another on appeal.").[8]

## II. Because Kyrpych Seeks to Appeal a District Court Decision that Properly Dismissed His State Law Claims for Lack of Federal Jurisdiction, the *Rooker-Feldman* Doctrine Prohibits this Court from Exercising Appellate Review.

The *Rooker-Feldman* doctrine, named for the Supreme Court's decisions in *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), precludes "the losing party in state court [from filing] suit in federal court after the state proceedings [have] ended, complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291 (2005). Federal district courts and courts of appeals lack jurisdiction over such claims because, under 28 U.S.C. § 1257, the U.S. Supreme Court has exclusive "authority to review a state court's judgment." *Id*. at 292. Accordingly,

[8] Ironically, in instances when Defendants declined to respond directly to his motions or submitted untimely filings, Kyrpych exploited that failure to argue it should have consequences. *See* Docket number 122. He cannot now plausibly contend this Court should excuse his decision not to meaningfully oppose dismissal on the grounds here asserted within the time prescribed by rule without any request for an extension. *But see United States v. Carrasco-De-Jesus*, 589 F.3d 22, 26 (1st Cir. 2009) ("what is sauce for a defendant's goose is most often sauce for the [plaintiff's] gander.").

this Court has long recognized that the "*Rooker-Feldman* doctrine preserves the Supreme Court's exclusive jurisdiction over 'appeals from final state-court judgments,' by divesting lower federal courts of jurisdiction to hear certain cases brought by parties who have lost in state court[.]'" *Klimowicz v. Deutsche Bank Nat'l Tr. Co.*, 907 F.3d 61, 64-65 (1st Cir. 2018) (citations omitted). Application of the doctrine "does not depend on what issues were actually litigated in the state court," *Miller v. Nichols*, 586 F.3d 53, 59 (1st Cir. 2009) (quotes and cites omitted), whether "the federal action formally seek[s] to invalidate the state judgment," *Mandel v. Town of Orleans*, 326 F.3d 267, 271 (1st Cir. 2003), whether the federal action seeks declaratory, injunctive, or monetary relief, *see Silva v. Mass.*, 351 F. App'x 450, 456-57 (1st Cir. 2009), or whether the federal action "introduce[es] a new legal theory . . . that was not broached in the state courts." *See Efreom v. McKee*, 46 F.4th 9, 19 (1st Cir. 2022) (quotations and citation omitted). Rather, "it is enough if the federal action would in substance defeat or negate a state judgment, for example if 'the federal claim succeeds only to the extent that the state court wrongly decided the issues before it'" or if the requested relief would "frustrate [a state-court] order." *Mandel*, 326 F.3d at 271-72 (citations omitted).

Here, the U.S. District Court for the District of Massachusetts evaluated Mr. Kyrpych's claims and held that there was no basis for federal jurisdiction:[9]

> A federal district court does not have jurisdiction to review an injury caused by an allegedly erroneous state court decision. No federal claim is apparent.
>
> Appellant's conclusory allegations of a conspiracy between the state court clerk and attorneys to abridge his constitutional rights do not suffice to state a civil rights claim. The remaining pending motions are denied as moot.

(Ex. B at 1-3; citations omitted.) Rather than seeking review of the adverse state court judgment in the U.S. Supreme Court, Mr. Kyrpych has filed suit in the District Court presenting state court claims arising from the Norfolk Probate and Family Court, asserting that his federal civil rights were violated. The underlying injury of which Mr. Kyrpych complains is the termination of his custodial rights in the state-court case. (Ex. B at 9.) His mischaracterization of his injury confirms that the District Court correctly concluded that it had no jurisdiction to hear the case. Nor does this Court. The *Rooker-Feldman* doctrine bars federal-court lawsuits when "the only real injury to [the plaintiff] is ultimately still caused by a state court judgment." *Klimowicz*, 907 F.3d at 65 (citation omitted).

---

[9] Importantly, the District Court waited to rule on the parties' motions to dismiss until after the Supreme Court issued its latest exposition on the *Rooker-Feldman* doctrine in *T.M. v. University of Maryland*, cited the decision, and factored the case's holding into its reasoning. *See* Ex. A at 7, n. 1

Kyrpych's allegation "that nearly every person involved in the state-court case engaged in misconduct" to wrongfully deprive him of his federal rights (Ex. B at 8), does not insulate this case from the *Rooker-Feldman* jurisdictional bar. (Appellant's Br. at 20-26.) In this regard, this case is foursquare with this Court's decision in *Vinnie v. Henry, et al*. (Case No. 14-1314), in which plaintiff sought relief in the District Court and then in this Court from a decision of the Massachusetts Appeals Court affirming the dismissal of a medical malpractice action he had brought. This Court affirmed that *Rooker Feldman* controlled. On July 14, 2014, an Appellee sought dismissal pursuant to First Circuit Local Rule 27.0(c), citing *Rooker-Feldman*, and on November 12, 2014, this Court granted the motion:

> We review de novo. *Davison v. Gov't of Puerto Rico-Puerto Rico Firefighters Corps*., 471 F.3d 220, 222 (1st Cir. 2006). A federal district court does not have jurisdiction to review an injury caused by an allegedly erroneous state court decision. *Davison*, 471 F.3d at 222. See also *Exxon Mobil Corp. v. Saudi Basic Indus. Corp*., 544 U.S. 280, 284 (2005). No federal claim is apparent.
>
> Appellant's conclusory allegations of a conspiracy between the state court clerk and attorneys to abridge his constitutional rights do not suffice to state a civil rights claim. See *Casa Marie, Inc. v. Superior Court of Puerto Rico for Dist. of Arecibo*, 988 F.2d 252, 259 (1st Cir. 1993). The remaining pending motions are denied as moot.

(See Judgment filed on November 12, 2014, annexed as Exhibit C.)

Further, in *Puerto Rico Firefighters Corps*, the Puerto Rico Court of Appeals upheld a ruling adverse to the plaintiffs. 471 F.3d at 222. The plaintiffs filed suit in federal court, alleging that they lost in the Puerto Rico courts because of the "behavior" and "conduct of the [federal defendants] and the courts of Puerto Rico," which, the plaintiffs asserted, violated their equal protection and due process rights. *Id*. at 221, 223. Affirming the dismissal of the case for lack of jurisdiction, this Court explained that the allegations of misconduct did not give rise to independently actionable claims. *Id*. at 223. For the plaintiffs to prevail on their due process and equal protection claims, the First Circuit would have had to "declare that the state court wrongly decided" their case. *Id*. The *Rooker-Feldman* doctrine, this Court held, forbids that type of collateral review because "the proper forum for challenging an unlawful state court ruling is the United States Supreme Court." *Id*. So too here. For Kyrpych to prevail on his theory that he was entitled to relief from the state-court custody ruling, this Court would need to review the District Court's refusal to review the judgment of the Massachusetts Court. It is clear that *Rooker-Feldman* prohibits Mr. Kyrpych from attempting to relitigate the state-court matter in the District Court and this Court from reviewing the District Court's refusal to review the final judgment of the state court. *Id*.

Nor does it matter whether Mr. Kyrpych ever raised his federal claims in state court, because "[f]ederal courts' application of the *Rooker-Feldman* doctrine does

not depend on what issues were actually litigated in the state court." *Miller*, 586 F.3d at 59 (1st Cir. 2009) (internal quotation marks omitted), quoting *Maymó-Meléndez v. Álvarez-Ramírez*, 364 F.3d 27, 33 (1st Cir. 2004). "Rather, *Rooker-Feldman* bars jurisdiction whenever parties who lost in state court . . . seek review and rejection of that judgment in federal court." *Id.* at 59 (internal quotation marks and alterations omitted). Because success in Mr. Kyrpych's federal-court action "would effectively overturn the state court's decision," *Rooker-Feldman* applies and compels dismissal of this appeal. *Maymó-Meléndez*, 364 F.3d at 33.

This Court should affirm on this basis.

## III. The District Court Did Not Err in Declining to Allow Kyrpych to Amend

Kyrpych argues the District Court erred when it denied his outstanding motions to amend on the grounds that allowing amendment would be futile. *See Rife v. One W. Bank, F.S.B.*, 873 F.3d 17, 20 (1st Cir. 2017) (futility determination is *de novo*). Kyrpych attempted to amend his Complaint in some form 15 times. *See* Docket number 42, 43, 44, 45, 46, 49, 51, 57, 58, 59, 60, 61, 135, 165, 166; *see also* Docket number 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 136-157, 162, 167, 169 (filings connected to his amendment-related motions). The parties strenuously objected to the attempts to amend, *see, e.g.*, Docket numbers 50, 158, 161, 163. The Court's decision to deny those amendments was not an abuse of discretion, *Miceli v. JetBlue*

*Airways Corp.*, 914 F.3d 73, 86 (1st Cir. 2019) (whether to allow amendment is reviewed for the abuse of discretion), and the ruling that amendment would be futile was correct when proposed amended complaints were up to 400 pages in length and clearly ran afoul of Rule 8's requirement that a pleader provide a short and plain statement showing they are entitled to relief. *See* Docket number 163 (collecting cases).

**CONCLUSION**

For the foregoing reasons, the District Court properly dismissed Mr. Kyrpych's complaint for lack of subject matter jurisdiction. This Court should summarily dismiss his appeal or summarily affirm the District Court's order in accordance with First Circuit Local Rule 27.0(c).

Dated: August 18, 2026

Respectfully submitted,

Appellees,

Ryan Faenza Carey, P.C.
and Kara Carey

By their attorney,

/s/ Scott D. Burke
Scott Douglas Burke
1st Cir. No. 44526
BBO #551255
MORRISON MAHONEY LLP
250 Summer Street
Boston, MA 02210-1181

Telephone: (617) 439-7500
Facsimile: (617) 342-4937
sburke@morrisonmahoney.com

COMMONWEALTH DEFENDANTS

By their attorney,
ANDREA JOY CAMPBELL
ATTORNEY GENERAL

/s/ Mathias F. Fressilli

Mathias F. Fressilli
1st Cir. No. 1215362
Alexander M. Weiss
1st Cir. No. 1209119
Assistant Attorney General
Constitutional and Administrative Law Div.
One Ashburton Pl., 18th Floor
Boston, MA, 02108
(617) 963-2907
Mathias.Fressilli@Mass.gov
Alexander.Weiss@Mass.gov

Bay State Community Services, Inc.
and Rachael Sullivan

By their attorney,

*/s/* Brendan P. Slean

Brendan P. Slean (Bar No. 1192768)
LAWSON & WEITZEN, LLP
88 Black Falcon Ave., Suite 345
Boston, MA 02210
Tel: 617-439-4990
bslean@lawson-weitzen.com

Megan Honigman

By her attorney,

*/s/* Rebecca L. Long

Rebecca L. Long, Esquire
1st Cir. No. 1198915
Koufman Law Group, LLC
88 Broad St, 4th Floor
Boston, MA 02110
617.423.2212 (O)
617.620.9419 (C)

Brian DiVasta, pro se

*/s/* Brian DiVasta

Brian DiVasta
Defendant pro se
181 Captain Eames Circle
Ashland, MA 01721
508-216-3284
brian.divasta@gmail.com

Carolyn Gannon Kyrpych, pro se

*/s/* Carolyn Gannon Kyrpych

Carolyn Gannon Kyrpych
Mother and legal guardian of minor children, ex-wife of plaintiff
617-894-3205
carolyn.patricia0108@gmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that on August 18, 2026, the foregoing document was filed electronically through the Court's CM/ECF system. Service was accomplished by the CM/ECF system on all registered counsel of record. Plaintiff-Appellant Yaroslav Kyrpych, proceeding pro se was served by email and first-class mail as set forth below. Mr. DiVasta and Ms. Gannon, who are pro se, were served by email at the addresses described above with their consent.

*Plaintiff Pro Se – via First-Class Mail*
Mr. Yaroslav Kyrpych
228 Hilltop Drive
Walpole, MA 02081
Telephone: (857) 869-0080
yaroslav.kyrpych@gmail.com

/s/ Scott D. Burke
Scott Douglas Burke