Pro Se

# UNITED STATES COURT OF APPEALS

for the First Circuit

Appeal Case No. 26-1770

Kyrpych et al,

*Plaintiff-Appellant*

v.

Kelly et al,

*Defendants-Appellees*

On Appeal from the United States District Court for the District of Massachusetts, Case No: 1:25-cv-12291-FDS

## APPELLANT'S OPPOSITION TO APPELLEES' MOTION FOR SUMMARY DISPOSITION UNDER RULE 27.0(c) AND MOTION TO STAY BRIEFING SCHEDULE

## I. INTRODUCTION: THE RULE 27.0(C) STANDARD AND WHY THIS CASE IS NOT "INSUBSTANTIAL"

Summary disposition under First Circuit Local Rule 27.0(c) is an extraordinary procedural remedy strictly reserved for frivolous, transparently meritless appeals where "it shall clearly appear that no substantial question is presented." It is designed exclusively for open-and-shut cases—such as appeals filed manifestly out of time or challenges to settled, absolute legal bars that leave zero room for debate. It was never intended to function as an expedited backdoor for appellees to bypass full appellate scrutiny on complex, contested questions of federal jurisdiction.

This appeal does not present a gray area regarding whether Appellant's claims are independent; **the District Court itself explicitly acknowledged that the operative complaint pleaded independent executive torts**. Under *Exxon Mobil*, it is a bedrock principle of federal jurisdiction that the ***Rooker-Feldman*** **doctrine has zero application to independent claims**.
Rather, the substantial question presented is why the District Court—having recognized those independent claims—abruptly changed course to apply an overbroad, blanket *Rooker-Feldman* jurisdictional bar. That wholesale dismissal directly defied binding Supreme Court and First Circuit precedent under *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280 (2005), and violated the court's mandatory, unflagging obligation to exercise jurisdiction.

An appeal involving a district court's wholesale extinguishment of acknowledged independent civil rights claims in defiance of *Exxon Mobil*, *Skinner v. Switzer*, 562 U.S. 521 (2011), *Lance v. Dennis*, 546 U.S. 459 (2006), and *Sprint Communications, Inc. v. Jacobs*, 571 U.S. 69 (2013) is, by definition, substantial and debatable. Appellees' motion for summary disposition must be denied.

## II. EXPOSING THE FALSE "WAIVER" CLAIM VIA THE TRIAL COURT RECORD

Appellees' foundational premise for summary disposition—that Appellant "waived" or failed to present his arguments regarding independent claims and the *Exxon Mobil* framework below—is a blatant misrepresentation of the trial court record. Desperate to avoid appellate scrutiny of the

District Court's legal errors, Appellees manufacture a fictitious narrative by ignoring the explicit, multi-docket notices Appellant placed directly before Judge Saylor.

The official record irrefutably establishes that Appellant repeatedly and exhaustively briefed these exact jurisdictional principles:

1) **Explicit Notice in Dkt. 164:** Appellant explicitly alerted the District Court that Appellees were attempting to misapply the *Rooker-Feldman* doctrine [Dkt. 164 at 12]. Citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005), Appellant provided detailed analysis of the mandatory "***source of the injury***" test [Dkt. 164 at 18]. Furthermore, Appellant cited binding and persuasive authorities—including *Southerland v. City of New York*, 680 F.3d 127 (2d Cir. 2012), *Hardwick v. Vreeken*, 844 F.3d 1112 (9th Cir. 2017), and *Limone v. Condon*, 372 F.3d 39 (1st Cir. 2004)—establishing that social worker evidence fabrication, withholding exculpatory evidence, and administrative coercion form independent § 1983 torts outside *Rooker-Feldman*.

2) **Explicit Notice in Dkt. 172:** Appellant provided a rigorous jurisdictional breakdown under *Lance v. Dennis*, 546 U.S. 459, 464 (2006) and *Davison v. Gov't of P.R.*, 471 F.3d 220, 222 (1st Cir. 2006) [Dkt. 172 at 9–11], emphasizing that *Rooker-Feldman* fails where a plaintiff asserts independent legal wrongs committed by state actors prior to and outside of judicial proceedings. Appellant also placed before the court the controlling rule from *Benavidez v. County of San Diego*, 993 F.3d 1113, 1144 (9th Cir. 2021) and *Miroth v. County of Trinity*, 136 F.4th 1141 (9th Cir. 2025), proving that independent extrajudicial wrongs cannot avoid scrutiny simply because perpetrators successfully deceived a state tribunal.

3) **Explicit Notice in Dkt. 175:** Appellant re-anchored these precise arguments under *Lance*, *Davison*, *Benavidez*, and *Miroth*, while reinforcing the "extrinsic fraud" doctrine under *Kougasian v. TMSL, Inc.*, 359 F.3d 1136 (9th Cir. 2004) [Dkt. 175 at 8–11]. Crucially, Appellant highlighted the state court's own factual findings (Finding of Fact 49, Dkt. 138, Ex. 41 at 25), wherein the state judge explicitly stated that the court relied entirely on outside agency determinations rather than verifying underlying allegations, confirming that the state court was the downstream victim of executive fraud, not the source of Appellant's federal injury.

Appellees' persistence in claiming "waiver" is entirely disingenuous and frivolous. Appellees were served with, and are fully aware of, Dkts. 164, 172, and 175, as well as Appellant's comprehensive opening brief, all of which exhaustively documented these exact jurisdictional authorities. Appellees' assertion that these arguments were **never raised in the District Court** is demonstrably false and directly contradicted by the explicit docket record they had in front of them. To ignore these filings in a federal court submission exposes the hollow, frivolous, meritless nature of Appellees' summary disposition motion.

## III. THE SUBSTANTIAL QUESTION: DEFIANCE OF BINDING PRECEDENT ON *EXXON MOBIL* AND THE "UNFLAGGING OBLIGATION" TO ADJUDICATE INDEPENDENT CLAIMS

The central substantial question presented by this appeal—and the definitive reason Appellees' Rule 27.0(c) motion must be rejected—is the District Court's entrenched refusal to apply the mandatory "source of the injury" test established in *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280 (2005), coupled with its total failure to uphold its mandatory obligation to adjudicate independent claims.

For over two decades, the Supreme Court's directive in *Exxon Mobil* has been clear: *Rooker-Feldman* is confined strictly to cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments. It does **not** bar plaintiffs from pressing independent claims regarding extrajudicial wrongs committed by state and private actors outside of litigation.

The First Circuit has repeatedly promulgated and upheld this foundational boundary. See, e.g., *Federación de Maestros de Puerto Rico v. Junta de Relaciones del Trabajo de Puerto Rico*, 410 F.3d 17, 24 (1st Cir. 2005); *Davison v. Gov't of P.R.*, 471 F.3d 220, 222 (1st Cir. 2006); *Klimowicz v. Deutsche Bank Nat'l Tr. Co.*, 907 F.3d 61, 65 (1st Cir. 2018). District courts within this Circuit have likewise applied this mandate to shield independent civil rights claims from improper jurisdictional dismissal. See, e.g., *Doe v. Spears*, 630 F. Supp. 3d 290, 298 (D. Mass. 2022).

Furthermore, this principle represents an overwhelming, unbroken consensus across sister circuits holding that pre-judgment third-party deception, evidence fabrication, and executive misconduct form independent § 1983 torts entirely outside the reach of *Rooker-Feldman*. See, e.g., *Miroth v. County of Trinity*, 136 F.4th 1141 (9th Cir. 2025); *Benavidez v. County of San Diego*, 993 F.3d 1113 (9th Cir. 2021); *Hardwick v. Vreeken*, 844 F.3d 1112 (9th Cir. 2017); *Southerland v. City of New York*, 680 F.3d 127 (2d Cir. 2012); *Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159 (3d Cir. 2010).

Compounding this error, the Supreme Court has issued an equally clear mandate that federal courts maintain a "virtually unflagging obligation" to exercise jurisdiction over independent claims properly before them (*Sprint Communications, Inc. v. Jacobs*, 571 U.S. 69, 77 (2013)). Appellant explicitly brought these binding authorities, the *Exxon Mobil* standard, and the framework governing independent extrajudicial torts to the attention of the District Court no fewer than three separate times [Dkt. 164, Dkt. 172, Dkt. 175]. Yet, the District Court entirely ignored these filings, failing to address or analyze them whatsoever in its Memorandum and Order of dismissal.

## IV. THE DISTRICT COURT'S INTERNAL LOGICAL COLLAPSE AND COMMINGLED CLAIMS

Appellees' entire defense rests on a fundamental procedural distortion: they attempt to characterize this entire appeal as an impermissible collateral attack on a state-court custody judgment, ignoring the critical structural reality of the complaint and the District Court's own admissions.

As Appellant candidly acknowledges, the earlier iterations of the complaint (including the first (Dkt 65) and third (Dkt 135) amended complaints) inadvertently commingled two distinct categories of relief. As a pro se litigant rapidly navigating and mastering complex federal jurisdictional concepts under fire, Appellant did not fully recognize or parse this commingling until after the motion to dismiss phase—an evolutionary clarification that Appellant has formally addressed and set forth in his main brief. Those two categories consisted of:

1) **Independent Executive Torts:** Out-of-court administrative fraud, evidence fabrication, and due process violations committed by executive agencies (i.e. DCF and the Norfolk County District Attorney's office) and associated private and municipal (Walpole PD) actors. Specifically, this involved the malicious propagation of abuse allegations that these agencies knew with certainty were fraudulent at the time—particularly given that an official forensic search had already cleared Appellant of those allegations—coupled with the systematic denial of fair-hearing access to disprove them. These independent executive torts were explicitly acknowledged by the District Court.

2) **An Impermissible Request That Failed the *Exxon Mobil* "Source of the Injury" Test:** As a pro se litigant, Appellant initially (and mistakenly) believed the District Court possessed the broad equity powers to nullify a state-court judgment tainted by extrinsic fraud. Consequently, this specific portion of the relief sought to invalidate the family court custody decision directly—thereby violating the *Exxon Mobil* "source of the injury" test because its source was the state court judgment itself, rather than an independent extrajudicial wrong.

Crucially, Appellees gloss over the fact that **the District Court itself explicitly acknowledged that the complaint pleaded independent claims.** Yet, rather than fulfilling its mandatory judicial duty, the District Court committed a profound reversible error by applying a blanket *Rooker-Feldman* bar to **extinguish** the entire action wholesale.

This judicial shortcut collapses under settled federal jurisprudence for two decisive reasons:

3) **Inapplicability of *Rooker-Feldman* to Administrative and Executive Acts:** *Rooker-Feldman* is a narrow jurisdictional bar strictly reserved for judicial decisions rendered by state courts. It does **not** apply to administrative actions, executive agency decisions, or investigative fraud committed by state actors outside the courtroom. The executive actors and private participants engineered the underlying administrative fraud *prior* to and *outside* of judicial proceedings; the family court was merely the downstream forum where those fabricated reports were operationalized.

4) **The "Virtually Unflagging Obligation" to Sever and Adjudicate Independent Claims:** Under *Sprint Communications, Inc. v. Jacobs*, 571 U.S. 69, 77 (2013), federal

courts maintain a "virtually unflagging obligation" to exercise jurisdiction over independent claims properly before them. When faced with mixed pleadings containing viable, independent federal civil rights claims alongside defective ones, the court's duty is to separate (sever) the claims and entertain the independent federal torts, rather than constructing an overbroad jurisdictional sponge to extinguish valid constitutional claims.

## V. RESPONSE TO THE MOTION TO STAY BRIEFING SCHEDULE AND REQUEST FOR EXTENSION

In addition to their meritless Motion for Summary Disposition, Appellees have filed a motion to stay the briefing schedule, requesting an alternative 60-day extension to make their merits brief due on October 31, 2026. The procedural timeline highlights the hollow nature of this request: when this Court issued the briefing schedule on July 22, 2026, setting Appellant's opening brief deadline for August 31, 2026, Appellant demonstrated immediate diligence by tendering his brief just eight days later on July 30, 2026 (formally filed on August 5, 2026, with paper copies acknowledged by the Court on August 12, 2026)—completing his work 31 days ahead of his deadline. Under the standard schedule, Appellees' merits briefs were due on August 31, 2026.

Rather than matching that diligence or utilizing their standard 30-day window to prepare a proper response, Appellees filed their summary motion in the middle of the timeframe and simultaneously demanded an extra 60 days. Combined with the initial August allocation, this request effectively grants Appellees over 90 total days to draft a brief.

Furthermore, Appellees' request is entirely devoid of any sound legal or factual justification. They offer no showing of good cause, undue hardship, or exceptional circumstances as required by the Federal Rules of Appellate Procedure. Indeed, any claim of hardship is flatly contradicted by reality: Appellees possess immense legal resources, represented collectively by the Massachusetts Attorney General's Office and three separate private law firms. Granting an extraordinary 90-day total window to heavily resourced institutional and professional counsel—while a pro se litigant complied with scheduling protocols months ahead of time—is wholly unwarranted.

This also runs entirely counter to this Court's own prior rulings in this very appeal. When Appellant previously sought an expedited briefing schedule, this Court (Gelpí, J.) strictly denied the motion, holding the parties to standard scheduling protocols. Appellees now seek a massive, three-month relaxation of those same rules while simultaneously arguing under Rule 27.0(c) that the appeal is entirely insubstantial and simple. By their own conduct, Appellees concede that the issues require extensive time, yet they provide zero valid justification for it.

Because Appellees have failed to provide any sound reason for an extension, and because their request is premised entirely on the pendency of an improper summary disposition motion, their Motion to Stay and request for an extension must be denied. Instead, this Court should establish a standard, orderly briefing schedule so that the parties may promptly and fairly brief the merits of this appeal.

Because Appellees have failed to provide any sound reason for an extension, and because their request is premised entirely on the pendency of an improper summary disposition motion, their Motion to Stay and request for an extension must be denied.

Because this appeal plainly presents debatable questions regarding the limits of the *Rooker-Feldman* doctrine and independent § 1983 claims, Appellees' Motion for Summary Disposition must also be denied. Consequently, their companion Motion to Stay Briefing Schedule should be denied, and this Court should establish a standard, orderly briefing schedule so that the parties may fully and fairly brief the merits of this case.

## VI. CONCLUSION AND PRAYER FOR RELIEF

**WHEREFORE**, Appellant respectfully requests that this Court enter an Order granting the following relief:

1. **DENY** Defendants-Appellees' Motion for Summary Disposition under Local Rule 27.0(c);
2. **DENY** their Motion to Stay Briefing Schedule and request for an unwarranted 90-day total extension to October 31, 2026, which contradicts their own claims of

insubstantiality, lacks any supporting showing of good cause, and is tied entirely to an unmeritorious summary motion; and

3. **ESTABLISH** a standard, orderly briefing schedule for the parties to fully brief the merits of this appeal.

4. **GRANT** Appellant such other, further, or different relief as this Court deems just, proper, and equitable under the circumstances.

Respectfully submitted by:

/s/ YAROSLAV KYRPYCH

Plaintiff-Appellant Pro Se

228 Hilltop Dr,

Walpole, MA 02081

yaroslav.kyrpych@gmail.com

857-869-0080

Date: August 20, 2026

**CERTIFICATE OF COMPLIANCE**

I hereby certify that this Opposition complies with the word-count limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because, excluding the caption, headings, signature block, and this certificate, it contains approximately **2,354 words**, well below the 5,200-word limit.

**CERTIFICATE OF SERVICE**

I hereby certify that on August 20, 2026, I electronically filed the foregoing document with the Clerk of the Court for the United States Court of Appeals for the First Circuit by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I further certify that because the following pro se Appellees are not registered for electronic service by the court, I have served them via electronic mail only per mutual agreement as follows:

**Brian P. Divasta**

brian.divasta@gmail.com

**Carolyn P. Gannon**

carolyn.patricia0108@gmail.com

I further certify that because the following pro se Appellees are not registered for electronic service by the court, I have served them via regular mail:

**Anne S. Yas**

Norfolk District Attorney's Office

45 Shawmut Road

Canton, MA 02021

anne.yas@mass.gov

**Danielle Czekanski (Simmer)**

5034 N. 81st Street

Scottsdale, AZ 85250

/s/ Yaroslav Kyrpych

Plaintiff-Appellant Pro Se

Date: August 20, 2026